**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  | CASE NO. CR F 08-0138 LJO |
| Plaintiff, | **ORDER ON MOTION IN LIMINE REGARDING WITNESSES THORNE AND SHUMACHER** (Doc. 61) |
| vs. | |
| ERIC A. McEACHERN, | |
| Defendant. | |
| _____/ | |

The Court has received and reviewed the Government's motion in limine concerning whether or not to allow the possible testimony of Bureau of Prisons Lieutenant F.C. Thorne and/or Office of Inspector General Special Agent Patrick Schumacher. The basis of the motion is that the testimony, if offered by the Defense, would be extrinsic evidence on a collateral matter, barred by Federal Rules of Evidence 613(b). The Court has also received and reviewed the Defendant's opposition to the motion.

There are several things both sides can agree on:

1. The issue of whether the Defendant battered alleged victim Monclova-Chavez (versus whether the alleged victim administered self-inflicted injuries and then made false accusations) goes to the heart of the case (i.e. the statements are material to the substantive issues at trial);

2. It is permissible to impeach one's own witness (FRE 607); and

1

3. While FRE 613(b) does have conditions placed on the introduction of extrinsic evidence of a prior inconsistent statement, the statute does not preclude such introduction if the conditions are met.

Witnesses Thorne and/or Schumacher would be called to establish the inconsistent prior statements of witnesses Khalil and/or Sterling to establish impeachment (IF they testify at trial in a manner that is inconsistent with the alleged statements given to Thorne and Schumacher as evidenced in police reports), but would NOT be called as witnesses to establish the proof of the matter asserted pursuant to FRE 801(d)(1)(A). This is so since the requirement that the prior statements were made under OATH in a deposition, prior trial, hearing or "other proceeding" is absent here. *Carson Harbor Village, Ltd. v Unocal Corp.*, 270 F3d 863, 873 (9th Cir. 2001).

Having consider the parties arguments, and relevant authority, the Court DENIES the motion in limine. There is no preclusion to allow the testimony of witnesses Thorne and/or Schumacher on the issue of impeachment through the inconsistent testimony of witnesses Khalil and/or Sterling, once the inconsistency/ies have been established. Compliance with FRE 613(b) would be needed before either Thorne or Schumacher is called as a witness (i.e. the witness is given an opportunity to explain or deny the prior inconsistency, opposing party is given an opportunity to examine the witness about the statement, and a limiting instruction is offered by the defense and given by the Court). *United States v Allen*, 540 F3d 821, 825 (8th Cir. 2008). The Court does find that the interests of justice require this ruling.

IT IS SO ORDERED.

**Dated:   June 10, 2010**                               **/s/ Lawrence J. O'Neill**
                                                                            UNITED STATES DISTRICT JUDGE

2